**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

PAULINO JUAREZ SALINAS (A-No. 240-173-739),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-06305-JLT-EGC

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION TO APPOINT COUNSEL; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 3)

Before the Court is Paulino Juarez Salinas's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I. FACTUAL BACKGROUND

Petitioner is from Mexico. (Doc. 8-1 at 1.) Petitioner first entered the United States sometime in 2001 and voluntarily departed on March 15, 2001. (*Id.* at 3.) Petitioner reentered the United States one or more times thereafter; indeed, the record indicates he accrued a series of criminal charges during that time, and Petitioner states he has been in the country for the past thirty years. (*See* Doc. 1 at 6; Doc. 8-1 at 3; Doc. 8-3 at 11.) In 2021, Petitioner attempted to

reenter the United States but was "expelled from the United States under Title 42" on March 19, 2021.[1] (*Id.*) Petitioner again reentered the United States after being expelled in 2021 and was not encountered by immigration officials at that time. (*See id.* at 3.)

Though Petitioner indicates that he has no criminal history, (Doc. 1 at 6), the record shows otherwise. Specifically, on January 29, 2003, Petitioner was convicted of battery under Cal. Pen. Code § 242. (Doc. 8-1 at 3.) On November 12, 2016, Petitioner was also charged with committing a lewd act upon a child under Cal. Pen. Code § 288(a), though it is unclear whether this charge resulted in a conviction. (*See* Doc. 8-3 at 11.) On May 17, 2021, Petitioner was convicted of battery on a spouse or cohabitant under Cal. Pen. Code § 243(e)(1), and contempt in violation of a court order under Cal. Pen. Code § 166(c)(1). (Doc. 8-1 at 3.) More recently, on March 29, 2026, Petitioner was arrested and booked into Fresno County Jail for violating a domestic violence protective order under Cal. Pen. Code § 273.6(a). (*Id.* at 2; Doc. 8-3 at 1.) Petitioner was subsequently released from local jail, charged for the offense, and scheduled for an arraignment hearing on May 7, 2026. (Doc. 8-1 at 2; Doc. 8-3 at 1–2, 9.) ICE attempted to lodge a detainer for Petitioner's arrest while he was in custody at the Fresno County Jail, but he was released before ICE could do so. (Doc. 8-1 at 2.)

On May 7, 2026, Petitioner appeared at the Fresno County Superior Court for his arraignment hearing, but he was arrested by ICE officials before appearing in court. (Doc. 8-1 at 2–3.) That day, Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 8-2 at 1.) DHS also served Petitioner with an I-200 administrative warrant for his arrest. (Doc. 8-4 at 1.) Petitioner is not currently subject to a final order of removal.[2] Petitioner indicates that he is

---

[1] Though the I-213 does not provide much detail, it appears that reference to Title 42 pertains to 42 U.S.C. § 265, which allowed the "Surgeon General, in accordance with regulations approved by the President, shall have the power to prohibit, in whole or in part, the introduction of persons and property from such countries or places as he shall designate in order to avert such danger." 42 U.S.C. § 265. Presumably, Petitioner was turned away at the border in year 2021 because at the time, the COVID-19 pandemic was still ongoing. (*See* Doc. 8-1 at 3.)

[2] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's removal proceedings began on or around May 7, 2026, Petitioner is scheduled for an upcoming immigration hearing on September 1, 2026, and Petitioner's removal proceedings are ongoing

pursuing adjustment of status through a family petition submitted by his two older children. (Doc. 1 at 5–6.) Petitioner further indicates that he is HIV positive and is concerned about adequate access to healthcare while in detention. (*Id*. at 6–7.) Petitioner is detained at the California City Detention Facility. (*Id*. at 2.)

On August 10, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 18–19.) On August 17, 2026, Respondents filed an opposition arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an applicant for admission, but concede that under *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), Petitioner is entitled to a custody redetermination hearing before an immigration judge. (Doc. 8 at 1.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also R.P.V.*, *v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due

---

with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 27, 2026).

Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026) regarding an initial custody determination.[3] Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above.[4]
2. The motion to appoint counsel (Doc. 3) is **DENIED**.[5]
3. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

---

[3] Though the record contains issuance of an administrative warrant, (Doc. 8-4 at 1), it is unclear whether DHS would have issued such warrant absent the statutory interpretation pursuant to § 1225(b) rejected above.

[4] To the extent Petitioner wishes to challenge his conditions of confinement (e.g., his access to adequate healthcare while in detention as HIV positive), (*see* Doc. 1 at 6–7), it is unclear whether he can do so through a habeas petition. As *Hernandez v. Lundy* best explained:

> Complaints solely bearing on the conditions of confinement should be raised in a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Supreme Court has not resolved the question of whether a conditions of confinement claim may be brought in the form of a habeas petition. *See Bell v. Wolfish*, 411 U.S. 520, 526 n.6 (1979) ("Thus, we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of confinement itself.") In addition, the Ninth Circuit has not decided the issue. *See Nettles v. Grounds*, 830 F.3d 922, 931 [, 931 n.6] (9th Cir. 2016) (holding that if a state prisoner's claim "would not necessarily spell speedier release," it does not lie at "the core of habeas corpus," and must be brought, if at all, under 42 U.S.C. § 1983; but explicitly stating that the Ninth Circuit would not address how this standard "applies to relief sought by prisoners in federal custody"). Thus, Petitioner's standalone claim regarding the conditions of her confinement should be raised in a *Bivens* action.

*Hernandez v. Lundy*, No. 1:25-cv-02007-SKO, 2026 WL 102292, at *6 (E.D. Cal. Jan. 14, 2026).

[5] Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Because the Court **GRANTS** the habeas petition and orders a substantive bond hearing, the interests of justice do not require appointment of counsel.

4. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained.

5. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

7. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

8. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: August 27, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE